## J. J. O'NEAL v. THE STATE.

1. Judgment final having been obtained by default against bail, it is assigned for error that there is a variance between the offense named in the bail bond and that charged in the indictment; the offense charged in the latter being the unlawful use of an estray, while that recited in the bond was the theft of a steer. *Held*, on the authority of The State v. Cox, 25 Texas, 407, that the variance is not available on writ of error to a final judgment by default.

Opinion of the court.

2. A bail bond required the defendant to "appear at the next term of the District Court of H. county." *Held*, that this sufficiently states the time and place, and the court before which the defendant was required to appear. (Paschal's Digest, Article 2732.)

ERROR from Henderson.     Tried below before the Hon. John G. Scott.

The facts are indicated by the opinion.

O'Neal was a surety on the bail bond.

*T. B. Greenwood*, for the plaintiff in error.

*W. Alexander, Attorney General*, for the State.

OGDEN, J.—The question of a variance between the *scire facias* and the bail bond was fully considered, and we think correctly settled, in the case of The State v. Cox, 25 Texas, 406 ; and that case settles the question in this case adversely to the plaintiff in error.

We think the other objection is also untenable, or rather not supported by the facts. The plaintiff complains that the "bail bond does not name the time and place when and where the accused was to appear, and does nowhere specify the name of the county ;" but on reference to the bond, we find that the defendant was bound to "appear at the next term of the District Court of Henderson county." This is a sufficiently specific compliance with Article 2732, Paschal's Digest, to sustain a judgment on a forfeited bail bond.

The judgment is therefore affirmed.

AFFIRMED.